```
                                                              CLERK'S OFFICE U.S. DIST. COURT
                                                                     AT DANVILLE, VA
                                                                          FILED
                                                                   for Roanoke
             IN THE UNITED STATES DISTRICT COURT                   MAY 29 2007
            FOR THE WESTERN DISTRICT OF VIRGINIA
                       ROANOKE DIVISION                         JOHN F. CORCORAN, CLERK
                                                                BY:
                                                                        DEPUTY CLERK
```

| | | |
|---|---|---|
| ANDREW P. WINDSOR, | ) | |
| Petitioner, | ) | Civil Action No. 7:07cv00265 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| TERRY O'BRIEN, WARDEN, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Andrew P. Windsor, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking four years credit on his state conviction for time he spent in the Federal Bureau of Prisons ("BOP") on a federal conviction. For the following reasons, I find that Windsor has failed to exhaust his available state court remedies and, therefore, I must dismiss his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

On December 8, 1989, Windsor was arrested in Alexandria, Virginia for possession with the intent to distribute cocaine and thereafter released on bond. On April 26, 1990, while out on bond, Windsor was again arrested on other charges and sent to a jail facility in the District of Columbia ("DC Jail"). On June 7, 1990, Windsor was transferred to the custody of the Commonwealth of Virginia pursuant to a writ of habeas corpus ad prosequendum. On the same day, the Circuit Court for the City of Alexandria convicted Windsor of possessing cocaine and sentenced him to four years incarceration. Thereafter, he was returned to the DC Jail. On October 19, 1990, Windsor was transferred to the custody of the U.S. Marshals pursuant to a writ and the United States District Court for the Eastern District of Virginia convicted him of conspiracy to possess with intent to distribute 5 kilos or more of cocaine and possession with intent to distribute 50 grams or more of "crack" and sentenced him to 220 months incarceration. He was again returned to the DC Jail. On November 30, 1990, Windsor was sentenced to 180 days by the Superior Court of the District of Columbia, with

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."

credit given for the time he had already served. On either December 4, 1990 or January 1, 1991, Windsor was turned over to federal custody to begin serving his federal sentence.[2] He was also given credit toward his federal sentence for the time he spent in the DC Jail that exceed his 180 day sentence from the DC Court. On March 10, 1992, the Virginia Department of Corrections lodged a detainer against Windsor advising the BOP that Windsor had four years to serve on his Virginia conviction upon his release from federal custody.

Petitioner argues that the Virginia Department of Corrections had no authority to run his state sentence consecutive to his federal sentence, which was imposed after the state conviction. Since Windsor has almost finished serving his federal sentence of 220 months, he believes that he should be credited with at least four years toward his state sentence, and thus released as soon as he completes his federal sentence.[3]

Windsor claims that he attempted to exhaust his claim by filing grievances at United States Penitentiary at Lee County ("USP Lee"), but argues that he should not be required to exhaust all available remedies because it would be "futile" and because he is "entitled to immediate release." Windsor has provided no evidence that he has presented this claim to any state court.

## DISCUSSION

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies

---

[2] There are conflicting dates in Windsor's petition and supporting documents. Regardless, the date has no bearing on the outcome of this case.

[3] Windsor alleges that he will be released from federal custody on May 28, 2007.

2

in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

In this case, it is clear that Windsor's present claim has not been adjudicated by the Supreme Court of Virginia. Therefore, he has failed to fully exhaust available state court remedies, as required by 28 U.S.C. § 2254(b). For this reason, I dismiss Windsor's petition without prejudice.[4]

The petitioner is advised that he may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is advised, however, that his time to file a state or federal habeas petition is now limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

ENTER: This 24th day of May, 2007.

Senior United States District Judge

---

[4] To the extent that Windsor's claim could be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241, arguing that he was improperly taken into federal custody before serving his state sentence, that claim would now be moot. At most, the court could possibly find that he was improperly held in federal custody and order his release. However, by the time the court received Windsor's petition and had an opportunity to rule on it, Windsor has already been released from federal custody. Furthermore, it appears the claim is unexhausted.

3